Charles M. Walker
U.S. Bankruptcy Judge
Dated: 11/18/2020



# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **In re: Jenifer Larain Simpson, Debtor,** )<br>510 Old Hickory Blvd., Apt. 1119 )<br>Nashville, TN 37209 )<br> )<br>**SS# xxx-xx-8873** ) | Case No.   20-03595<br>Chapter      13<br>Judge Walker |

## AGREED ORDER AND STIPULATION GRANTING LIMITED RELIEF FROM THEAUTOMATIC STAY AS IT APPLIES TO MATTHEW PHILIP ROBERTS

Jenifer Larain Simpson ("Simpson" and also "Debtor") and Matthew Philip Roberts ("Roberts") (collectively the "Parties"), acting by and through their undersigned counsel.

## RECITALS

A. On March 31, 2020, Roberts filed a discrimination lawsuit under Title VII of the Civil Rights of Act of 1964, as amended, and the New York Executive Law § 296 *et seq* in the Northern District of New York (the "Lawsuit") against Simpson, The SAGE Corporation, and Nick Burlingame (collectively the "Discrimination Defendants").

B. On July 31, 2020 ("Petition Date"), Simpson filed a petition for relief under Chapter 13 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court, Middle District of Tennessee.

C. On September 23, 2020, Roberts first received a copy of Simpson's bankruptcy petition.

D. On October 9, 2020, Roberts filed a Proof of Claim (the "Claim") in the amount of $500,000 pending resolution of the Lawsuit (Court Claim No. 9).

E. As of the Petition Date, the Discrimination Defendants had a motion to dismiss the Lawsuit and Plaintiff had a cross-motion to amend his complaint pending (collectively the "Motions") in the Lawsuit. As of the date of this Stipulation, the Motions remain pending.

F. The Parties agree to lift the automatic stay on the Lawsuit to allow the Lawsuit to proceed in accordance with the terms herein.

## TERMS AND CONDITIONS

1. The Parties agree that the automatic stay should be modified to permit Roberts and the Discrimination Defendants to continue the Lawsuit, but with respect to Simpson, only to the extent of the limits of existing insurance coverage that may be applicable to the Lawsuit, <u>provided, however,</u> that any settlement of the Lawsuit with respect to Simpson may not exceed the applicable limits for any such insurance coverage, and <u>provided further</u> that in the event the Lawsuit results in a judgment against Simpson, Roberts may recover only against the existing insurance coverage that may be applicable to the Lawsuit, and provided the undersigned bankruptcy counsel for Simpson shall have no obligation to take part in, spend time on or expend any assets of Simpson's estate in connection with any aspect of the Lawsuit, including, without limitation, appearing as a witness in any conference, hearing or examination or responding to discovery requests.

2. Roberts hereby waives and releases any and all claims Roberts may have: (a) against Simpson's estate, whether filed or unfiled, including, the Claim or any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance

2

deductibles or self-insured retentions; and (b) against Simpson's insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention. The Chapter 13 Trustee shall not disburse funds for said claim pending further Orders of this Court.

3. Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by Simpson with the respect to the allegations related to any of the claims asserted therein who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of Simpson with respect to the Lawsuit are hereby expressly reserved.

4. Nothing in this Stipulation is intended to, or does, modify or alter the contractual rights and obligations provided for under the terms and provisions of any relevant insurance policy(ies).

5. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators and legal representatives.

7. This Stipulation may only be amended or otherwise modified by a signed writing executed by the Parties or by further Order of the Court.

8. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms.

3

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

10. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

11. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation shall be governed by the laws of the State of Tennessee and to the extent applicable, the Bankruptcy Code without regard to the State of Tennessee's rules governing the conflict of laws.

13. This Stipulation shall not be effective until it is so-ordered by the Court.

Upon review of the foregoing Stipulation among the Parties,

**IT IS HEREBY ORDERED THAT:**

The automatic stay is modified to permit Roberts to prosecute the Lawsuit <u>only</u> to recover existing insurance coverage that may be applicable to Simpson's liability for the claims asserted in the Lawsuit. Any settlement of the Lawsuit may not exceed the applicable limits of such existing insurance coverage that may be applicable to the Lawsuit. The Trustee shall not disburse any monies to this creditor under the above referenced Proof of Claim pending further orders of this Court. In the event the Lawsuit results in a judgment, any recovery on that judgment, any recovery on that judgment must be approved by this Court, except that Roberts may recover only against the existing insurance coverage that may be applicable to the Lawsuit, and not against the Debtor in this case.

**ANY OBJECTION TO THIS AGREED ORDER MUST BE FILED WITHIN 14 DAYS OF THE ENTRY OF THE ORDER**

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

**APPROVED FOR ENTRY:**

/s/ Eric K. Fox by AJN with permission
Eric K. Fox, Attorney for Debtor
103 Hazel Path Court, Ste
Hendersonville, TN 37075
Telephone: (615) 264-5695
Fax: (615) 264-5655
eric@ericfoxlegal.com


/s/ Aaron J. Nash
Aaron J. Nash (024631)
EVANS PETREE PC
2550 Meridian Blvd., Ste. 200
Franklin, TN 37067
(615) 567-8161 Telephone
anash@evanspetree.com

OF COUNSEL FOR:

Debra L. Wabnik, Esq.
Stagg Wabnik Law Group
Counsel for Matthew P. Roberts
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Tel. (516) 812-4550
Fax. (516) 812-4635
dwabnik@staggwabnik.com


/s/ Henry E. Hildebrand, III

Digitally signed by /s/ Henry E. Hildebrand, III
DN: C=US, CN="/s/ Henry E. Hildebrand, III", E=pleadings@ch13nsh.com
Reason: I am the author of this document
Location: your signing location here
Date: 2020-11-17 16:02:41
Foxit Reader Version: 9.5.0

Henry E. Hildebrand, III
Chapter 13 Trustee
PO Box 340019
Nashville, TN 37203-0019
(615) 244-1101
www.ch13nsh.com
pleadings@ch13nsh.com

5

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:20-bk-03595    Doc 36    Filed 11/18/20    Entered 11/18/20 13:31:59    Desc Main
Document    Page 5 of 5